### UNITED STATES OF AMERICA, Plaintiff–Appellee,

v.

### KWAN YONG CHOI, Defendant–Appellant.

### No. 14-10376.

United States Court of Appeals, Ninth Circuit.

Submitted June 22, 2015.*

Filed June 25, 2015.

Mark E. Cullers, Esquire, Assistant U.S., Heather Mardel Jones, Assistant U.S., Office of the U.S. Attorney, Fresno, CA, for Plaintiff–Appellee.

Andras Farkas, Federal Public Defender's Office, Fresno, CA, for Defendant–Appellant.

Before: HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

### MEMORANDUM **

Kwan Yong Choi appeals from the district court's judgment and challenges the

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-

**504**

36–month sentence imposed following his guilty-plea convictions for money laundering and aiding and abetting, in violation of 18 U.S.C. §§ 1956(a)(1) and 2. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Choi contends that the district court procedurally erred by failing to explain adequately the extent of its downward departure under U.S.S.G § 5K2.23. We review for plain error, *see United States v. Valencia–Barragan,* 608 F.3d 1103, 1108 (9th Cir.2010), and find none. The record, taken as a whole, reflects that the district judge "considered the parties' arguments and [had] a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States,* 551 U.S. 338, 356, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007).

Choi further contends that his sentence is substantively unreasonable in light of the alleged procedural error and his having already been punished for the underlying criminal conduct in South Korea. The district court did not abuse its discretion in imposing Choi's sentence. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Choi's criminal history in Korea and the substantial financial and emotional impact of his crime on the victims. *See Gall,* 552 U.S. at 51, 128 S.Ct. 586.

AFFIRMED.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.